**MEMO ENDORSED**

# CLEARY GOTTLIEB STEEN & HAMILTON LLP

ONE LIBERTY PLAZA
NEW YORK, NY 10006-1470

(212) 225-2000

FACSIMILE (212) 225-3999

WWW.CLEARYGOTTLIEB.COM

WASHINGTON, DC · PARIS · BRUSSELS
LONDON · MOSCOW · FRANKFURT · COLOGNE
ROME · MILAN · HONG KONG · BEIJING

| | | |
|---|---|---|
| MARK A WALKER | WILLIAM A. GROLL | WILLIAM L. MCRAE |
| LESLIE B SAMUELS | JANET L. FISHER | JASON FACTOR |
| EDWARD F GREENE | DAVID L. SUGERMAN | MARGARET S PEPONIS |
| ALLAN G. SPERLING | HOWARD S. ZELBO | LISA M. SCHWEITZER |
| MAX GITTER | DAVID E. BRODSKY | KRISTOFER W. HESS |
| EVAN A. DAVIS | ARTHUR H KOHN | JUAN G. GIRÁLDEZ |
| LAURENT ALPERT | RAYMOND B CHECK | DUANE MCLAUGHLIN |
| VICTOR I LEWKOW | RICHARD J CODPER | BREON S PEACE |
| LESLIE N SILVERMAN | JEFFREY S. LEWIS | MEREDITH E KOTLER |
| ROBERT L. TORTORIELLO | PAUL J SHIM | CHANTAL E KORDULA |
| A. RICHARD SUSKO | YVETTE P. TEOFAN | BENET J. O'REILLY |
| LEE C BUCHHEIT | STEVEN L. WILNER | DAVID AMAN |
| JAMES M. PEASLEE | ERIKA W NIJENHUIS | ADAM E FLEISHER |
| ALAN L. BELLER | LINDSEE P. GRANFIELD | SEAN A ONEAL |
| THOMAS J MOLONEY | ANDRES DE LA CRUZ | GLENN P MCGRORY |
| WILLIAM F GORIN | DAVID C LOPEZ | CHRISTOPHER P MOORE |
| MICHAEL L RYAN | CARMEN A. CORRALES | JOON H KIM |
| ROBERT P DAVIS | JAMES L. BROMLEY | RESIDENT PARTNERS |
| YARON Z REICH | PAUL E. GLOTZER | |
| RICHARD S LINCER | MICHAEL A GERSTENZANG | SANDRA M ROCKS |
| JAIME A EL KOURY | LEWIS J. LIMAN | ELLEN M CREEDE |
| STEVEN G HOROWITZ | NEIL Q WHORISKEY | S DOUGLAS BORISKY |
| ANDREA G PODOLSKY | JORGE U. JUANTORENA | JUDITH KASSEL |
| JAMES A. DUNCAN | MICHAEL D. WEINBERGER | DAVID E. WEBB |
| STEVEN M LOEB | DAVID LEINWAND | PENELOPE L. CHRISTOPHOROU |
| DANIEL S. STERNBERG | JEFFREY A ROSENTHAL | BOAZ S. MORAG |
| DONALD A STERN | ETHAN A KLINGSBERG | MARY E. ALCOCK |
| CRAIG B. BROD | MICHAEL D DAYAN | GABRIEL J. MESA |
| SHELDON H. ALSTER | CARMINE D. BOCCUZZI, JR | DAVID H. HERRINGTON |
| WANDA J. OLSON | JEFFREY D. KARPF | HEIDE H. ILGENFRITZ |
| MITCHELL A LOWENTHAL | KIMBERLY BROWN BLACKLOW | KATHLEEN M EMBERGER |
| DEBORAH M BUELL | ROBERT J RAYMOND | NANCY I. RUSKIN |
| EDWARD J ROSEN | DAVID I GOTTLIEB | WALLACE L. LARSON, JR |
| LAWRENCE B FRIEDMAN | LEONARD C JACOBY | JAMES D. SMALL |
| NICOLAS GRABAR | SANDRA L. FLOW | AVRAM E. LUFT |
| CHRISTOPHER E. AUSTIN | DANA G. FLEISCHMAN | ELIZABETH LENAS |
| SETH GROSSHANDLER | FRANCESCA L. ODELL | RESIDENT COUNSEL |

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2-2-10
```

Writer's Direct Dial: (212) 225-2760
E-Mail: mlowenthal@cgsh.com


RECEIVED FEB 01 2010 CHAMBERS OF P. KEVIN CASTEL U.S.D.J.

January 29, 2010

BY HAND

Honorable P. Kevin Castel
United States District Court for the
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Re: *Footbridge Limited Trust v. Countrywide Financial Corp.*,
10 Civ. 367 (PKC)

Dear Judge Castel:

We represent defendants Countrywide Financial Corp., Countrywide Securities Corp., Countrywide Home Loans, Inc., and CWABS, Inc. in the above-captioned, recently filed action asserting claims under the Securities Act of 1933 (the "33 Act complaint"). Per the Court's November 23, 2009 ruling, this case will be related to <u>Footbridge Limited Trust v. Countrywide Home Loans, Inc.</u>, 09 Civ. 4050 (PKC), which alleges claims under, <u>inter alia</u>, the Securities Exchange Act of 1934 (the "34 Act complaint"). Defendants' motion to dismiss the 34 Act complaint was fully briefed for the Court on December 4, 2009.

Defendants plan to move to dismiss the 33 Act complaint, and will timely submit a pre-motion letter pursuant to the Court's rules. Subject to what transpires at the pre-motion conference, the parties have agreed upon the contours of a proposed briefing schedule for the Court's consideration, which schedule would provide 60 days to file the motion, 60 days to oppose, and 35 days for a reply. The parties disagree, however, as to when this schedule should commence. For the reasons set forth below, Defendants respectfully submit that the briefing schedule should be keyed to the Court's resolution of the pending motion to dismiss the 34 Act

*Handwritten endorsement:* I will hear the parties on the issue raised in Mr. Lowenthal's letter at the initial conference to be held March 16 at 11:00 am. SO ORDERED. [signature] USDJ 2-1-10

complaint, given (i) the substantial overlap in issues, and (ii) that the Court's resolution of issues in the pending motion will in all likelihood either moot the need to address them in connection with the 33 Act complaint, or will be instructive for briefing on the 33 Act complaint. Plaintiffs oppose this request.

Defendants submit their proposal will best promote efficiency and economy. A number of the arguments with respect to the 33 Act complaint will be duplicative of those that apply to the 34 Act complaint. For example, under the reasoning of <u>Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC</u>, __ F.3d __, 2010 WL 60897 (5th Cir. Jan. 11, 2010), and given the express language of the relevant offering documents read together, plaintiffs fail to point to any misrepresentation concerning the underlying mortgages that were securitized. Like their 34 Act claims, plaintiffs' 33 Act claims would sound (if at all) in contract, not tort. As another example, plaintiffs' 33 Act complaint again impermissibly relies on explicit or unattributed references to other lawsuits and investigations or press reports, which references should be struck under Fed. R. Civ. P. 12(f).

In addition, many of defendants' other dismissal arguments will be informed by how the Court rules on the pending motion. For example, the 33 Act complaint contains allegations that are either identical or similar to allegations in the 34 Act complaint. The Court's ruling on the sufficiency of the 34 Act complaint's allegations may be dispositive with respect to those allegations in the 33 Act complaint that are identical. And at the very least, the ruling will be the starting point for analysis of those allegations that are similar.

Plaintiffs should not be heard to complain that defendants' proposal would prejudice them, given that they are seeking only monetary damages. More importantly, plaintiffs' own substantial delay in filing 33 Act claims precludes any assertion of prejudice. In June 2008, <u>Washington State Plumbing v. Countrywide Financial Corp.</u>, No. BC392571 (Cal. Sup. Ct.), was filed, asserting 33 Act claims based on the very offerings in which plaintiffs participated. Plaintiffs then waited until April 2009 to file their own claims under the 34 Act. They then waited another six months, until October 2009, to seek to amend their complaint to add claims under the 33 Act. On November 23, 2009, the Court denied plaintiffs' motion to amend, but observed that plaintiffs could file a separate action alleging claims under the 33 Act. Plaintiffs then waited another almost two months, until January 15, 2010, to file their 33 Act complaint. They cannot possibly raise the specter of prejudice now.

Accordingly, subject to the Court's pre-motion procedures, we respectfully request that the Court fix the time for defendants to move against the 33 Act complaint until after the Court issues its ruling on the pending motion to dismiss plaintiffs' 34 Act complaint. See <u>Catskill Mountains Chapter of Trout Unlimited, Inc. v. United States E.P.A.</u>, 630 F. Supp. 2d 295, 304 (S.D.N.Y. 2009) (granting stay pending resolution of similar issues by another court, even though "such proceedings are not necessarily controlling of the action that is to be stayed," because "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants[, and t]he decision whether to stay is therefore firmly within a district

Hon. P. Kevin Castel  Page 3  January 29, 2010

court's discretion"); see also Riverkeeper, Inc. v. United States E.P.A., No. 06 Civ. 12987 (PKC), 2007 WL 4208757 (S.D.N.Y. Nov. 26, 2007) (granting stay pending ruling by another court; "There is a public interest in a prompt adjudication but also in an orderly and efficient use of judicial resources.").

If the Court prefers that defendants address the new 33 Act complaint now, we will of course do so. In either case, as noted, the parties have, subject to the Court's approval, agreed upon a briefing schedule. In short, the only dispute is when that schedule should commence (i.e., upon the service date of January 29, 2010 per all defendants' agreement to accept service of process via their counsel, or issuance of the Court's ruling on the motion to dismiss in the 34 Act case).

The other defendants join in this request.

Respectfully submitted,

*Mitchell A. Lowenthal* (signature)

Mitchell A. Lowenthal

cc: Daniel L. Brockett, Esq.
    Jonathan Rosenberg, Esq.
    Christopher Caldwell, Esq.
    Boyd Cloern, Esq.
    Keara Gordon, Esq.