UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
FOOTBRIDGE LIMITED TRUST AND OHP
OPPORTUNITY LIMITED TRUST,



                              Plaintiffs,                    10 Civ. 367 (PKC)

          -against-
                                                            MEMORANDUM
                                                            AND ORDER

COUNTRYWIDE FINANCIAL CORP.,
COUNTRYWIDE SECURITIES CORP.,
COUNTRYWIDE HOME LOANS, INC.,
CWABS, INC., STANFORD L. KURLAND,
ERIC P. SIERACKI, DAVID A. SPECTOR,
BANK OF AMERICA CORP. AND
BAC HOME LOANS SERVICING, LP,

                              Defendants.
-----------------------------------------------------------x

P. KEVIN CASTEL, District Judge:

          Plaintiffs Footbridge Limited Trust and OHP Opportunity Limited Trust (the

"Funds") assert claims for violations of sections 11, 12(a)(2) and 15 of the Securities Act of 1933

(the "'33 Act").  The claims arise out of plaintiffs' purchase of mortgage-backed securities

("MBS") from Countrywide through two public offerings (the "Securitizations").  Defendants

move for summary judgment under Rule 56(a), Fed. R. Civ. P.  For the reasons stated below,

defendants' motion for summary judgment is granted.  The Court concludes that the plaintiffs'

claims are barred by the statute of repose and that the class action tolling rule of American Pipe

& Constr. Co. v. Utah, 414 U.S. 538 (1974) has no application to the '33 Act's statute of repose.

BACKGROUND

          Plaintiffs' Complaint asserts claims pursuant to the '33 Act.  Previously, plaintiffs

had commenced an action against substantially the same defendants under the Securities and

Exchange Act of 1934 (the "'34 Act"), and by Memorandum and Order dated September 28, 2010, this Court dismissed plaintiffs' '34 Act claims.  See Footbridge Ltd. Trust v. Countrywide Home Loans, Inc., 09 Civ. 4050 (PKC), 2010 WL 3790810 (S.D.N.Y. Sept. 28, 2010). Familiarity with the background facts in the prior decision is assumed and only facts relevant to the present motion are set forth herein.

Plaintiffs are two hedge funds run by investment manger Old Hill Partners, Inc. (Def. 56.1 ¶ 1; Pl. 56.1 Resp. ¶ 1.)  The Funds have experience investing in asset-backed securities, including MBS, and at their peak in 2006 held $700 million in assets on behalf of institutional and other investors.  (Def. 56.1 ¶ 2; Pl. 56.1 Resp. ¶ 2.)  Between June and October 2006, the Funds purchased approximately $43 million in residential MBS from Countrywide through two public offerings.  (Def. 56.1 ¶¶ 5, 9; Pl. 56.1 Resp. ¶¶ 5, 9; Compl. ¶ 41.)  The securities at issue, CWABS Asset-Backed Certificates, Series 2006-SPS1 (the "SPS1 Securitization") and CWABS Asset-Backed Certificates, Series 2006-SPS2 (the "SPS2 Securitization"), were offered pursuant to registration statements filed with the SEC on February 21, 2006 and on August 8, 2006 respectively, and prospectus supplements filed on June 26, 2006 and August 28, 2006 respectively.  (Def. 56.1 ¶ 4; Pl. 56.1 Resp. ¶ 4, Compl. ¶¶ 9-10.)  The plaintiffs purchased Certificates from the SPS1 Securitization on June 27, 2006.  (Def. 56.1 ¶ 5; Pl. 56.1 Resp. ¶ 5; Compl. ¶ 43.)  Plaintiffs purchased Certificates from the SPS2 Securitization on August 29, 2006, September 12, 2006 and October 3, 2006. (Def. 56.1 ¶ 5; Pl. 56.1 Resp. ¶ 5; Compl. ¶ 44.)  Plaintiffs assert that the registration statements and prospectus supplements contained untrue statements and omissions of material fact.

On November 14, 2007, a class action was filed in California state court, Luther v. Countrywide Home Loans Servicing LP, BC380698 (Cal. Super. Ct. 2007), asserting claims

under sections 11, 12(a)(2) and 15 of the '33 Act, on behalf of a class of investors who purchased

or otherwise acquired certain MBS in Countrywide offerings, not including the SPS1 and SPS2

Securitizations at issue here, against substantially the same defendants named in this Complaint,

except the Bank of America defendants.  (Def. 56.1 ¶ 53; Pl. 56.1 Resp. ¶ 53; Compl. ¶¶ 6, 325;

Luther Complaint, attached at Burnett Decl. Ex. S.)  On June 12, 2008, a second class action suit

was filed in California state court, Washington State Plumbing & Pipefitting Pension Trust v.

Countrywide Fin. Corp., BC392571 (Cal. Super. Ct. 2008), asserting '33 Act claims against each

defendant named in this Complaint, except the Bank of America defendants, but for different

securitizations than those in Luther, including the SPS1 and SPS2 Securitizations at issue here.

(Def. 56.1 ¶ 54; Pl. 56.1 Resp. ¶ 54; Compl. ¶ 326; Washington State Plumbing Complaint,

attached at Burnett Decl. Ex. T.)  On September 9, 2008, Luther was amended to add the

securitizations challenged in Washington State Plumbing, including SPS1 and SPS2, and on

October 16, 2008, Washington State Plumbing was consolidated with Luther.  (Def. 56.1 ¶ 55;

Pl. 56.1 Resp. ¶ 55; Compl. ¶ 327.)  The California Superior Court dismissed the consolidated

action on January 6, 2010, concluding that under the Securities Litigation Uniform Standards Act

of 1998 ("SLUSA"), it did "not have subject matter jurisdiction over Plaintiffs' Securities Act

claims."  (Def. 56.1 ¶ 61; Pl. 56.1 Resp. ¶ 61.)

   A week later, on January 14, 2010, the plaintiffs in the California state action filed

a class action suit in California federal court, Maine State Ret. Sys. v. Countrywide Fin. Corp.,

10 Civ. 0302 (MRP) (C.D. Cal. Jan. 14, 2010), asserting essentially the same '33 Act claims

against the Countrywide defendants, including Bank of America and others.  (Pl. 56.1 Resp. ¶

61; Maine State Complaint, attached at Burnett Decl. Ex. Z.)  On November 4, 2010, the Court

dismissed the action without prejudice on the basis of standing and statute of limitations with

leave to amend the complaint to eliminate claims relating to securities that the named plaintiffs

had not purchased and claims for which the statute of limitations had expired.  Maine State Ret.

Sys. v. Countrywide Fin. Corp., 722 F.Supp.2d 1157, 1161-62 (C.D. Cal. 2010).

On January 15, 2010, plaintiffs filed this Complaint alleging violation of sections

11, 12(a)(2) and 15 of the '33 Act.  (Docket # 1.)  The defendants now move for summary

judgment on the ground that plaintiffs' claims are barred by the statute of limitations and the

statute of repose.  Because the Court concludes that the claims are barred by the statute of

repose, it is not necessary to reach the statute of limitations arguments.

DISCUSSION

     I.    Summary Judgment Standard

Summary judgment should be rendered if the pleadings, the discovery and

disclosure materials on file, affidavits and other materials show "that there is no genuine dispute

as to any material fact and that the movant is entitled to judgment as a matter of law."  Rule

56(a), Fed. R. Civ. P.  It is the initial burden of a movant on a summary judgment motion to

come forward with evidence on each material element of his claim or defense, demonstrating

that he or she is entitled to relief.  A fact is material if it "might affect the outcome of the suit

under the governing law . . ." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  The

evidence on each material element must be sufficient to entitle the movant to relief in its favor as

a matter of law.  Vt. Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004).

In turn, to defeat a motion for summary judgment, the non-movant must raise a

genuine issue of material fact.  In raising a triable issue of fact, the non-movant carries only "a

limited burden of production," but nevertheless "must 'demonstrate more than some

metaphysical doubt as to the material facts,' and come forward with 'specific facts showing that

there is a genuine issue for trial.'"  Powell v. Nat'l Bd. of Med. Exam'rs, 364 F.3d 79, 84 (2d Cir.

2004) (quoting Aslanidis v. U.S. Lines, Inc., 7 F.3d 1067, 1072 (2d Cir. 1993)).

   An issue of fact is genuine "if the evidence is such that a reasonable jury could

return a verdict for the nonmoving party." Anderson, 477 U.S. at 248.  The Court must "view

the evidence in the light most favorable to the non-moving party and draw all reasonable

inferences in its favor, and may grant summary judgment only when no reasonable trier of fact

could find in favor of the nonmoving party." Allen v. Coughlin, 64 F.3d 77, 79 (2d Cir. 1995)

(internal quotations marks and citations omitted); accord Matsushita Elec. Indus. Co. v. Zenith

Radio Corp., 475 U.S. 574, 587-88 (1986).  In the absence of any disputed material fact,

summary judgment is appropriate.  See Rule 56(a), Fed. R. Civ. P.

   Mere "conclusory statements, conjecture, or speculation by the party resisting the

motion will not defeat summary judgment." Kulak v. City of New York, 88 F.3d 63, 71 (2d Cir.

1996) (citing Matsushita, 475 U.S. at 587); see also Anderson, 477 U.S. at 249-50 (summary

judgment may be granted if the evidence is "merely colorable" or "not significantly probative").

An "opposing party's facts must be material and of a substantial nature, not fanciful, frivolous,

gauzy, spurious, irrelevant, gossamer inferences, conjectural, speculative, nor merely

suspicions." Contemporary Mission, Inc. v. U.S. Postal Serv., 648 F.2d 97, 107 n. 14 (2d Cir.

1981) (internal quotation marks omitted).

  II.  Plaintiffs' Claims are Barred by the Statute of Repose

   A statute of repose, distinct from a statute of limitations, "acts to define

temporally the right to initiate suit against a defendant after a legislatively determined time

period." P. Stolz Family P'ship v. Daum, 355 F.3d 92, 102 (2d Cir. 2004).  While statutes of

limitations "bear on the availability of remedies," statutes of repose "affect the availability of the

5

underlying right." Id. (internal quotation marks omitted) ("Unlike a statute of limitations, a

statute of repose is not a limitation of a plaintiff's remedy, but rather defines the right involved in

terms of time allowed to bring suit."). A statute of repose extinguishes the claim after a fixed

period of time. "'In theory, at least, the legislative bar to subsequent action is absolute, subject

to legislatively created exceptions . . . set forth in the statute of repose.'" Id. (quoting Calvin W.

Corman, Limitation of Actions, § 1.1, at 4-5 (1991)). "[A] repose period can run to completion

even before injury has occurred to a potential plaintiff, extinguishing a cause of action before it

even accrues." Id. at 103; see Stuart v. Am. Cyanamid Co., 158 F.3d 622, 627 (2d Cir. 1998).

"Statutes of repose aim to create certainty." In re Countrywide Fin. Corp. Secs. Litig., 07 Civ.

5295 (MRP), 2009 WL 943271, *4 n.6 (C.D. Cal. Apr. 6, 2009).

           Sections 11 and 12 of the '33 Act impose civil liability for false representations

made in a registration statement, prospectus or oral communication used in connection with the

offer or sale of a security. See 15 U.S.C.A. §§ 77k, 77l. For such claims, lawmakers created a

two-tiered limitations period – a one-year statute of limitations framed by a three-year statute of

repose. See '33 Act, § 13, 15 U.S.C.A. § 77m. The one-year statute of limitations begins to run

after discovery of the untrue statement or omission or after such discovery should have been

made by the exercise of reasonable diligence; it "creates an affirmative defense where plaintiff

failed to bring suit within a specified period of time after his cause of action accrued, often

subject to tolling principles." Ma v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 597 F.3d 84,

88 n.4 (2d Cir. 2010). The one-year "inquiry notice" period is limited by a three-year statute of

repose that provides as follows: "In no event shall any such action be brought to enforce a

liability created under [section 11 or section 12(a)(1)] more than three years after the security

was bona fide offered to the public or under [section 12(a)(2)] more than three years after the

sale." 15 U.S.C.A. § 77m.  The statute of repose demarcates a three-year period of time within

which a plaintiff must bring his claim or else the defendant's liability is extinguished.  See Ma,

587 F.3d at 88 n.4; P. Stolz, 355 F.3d at 102-03.  Section 13's plain language sets forth "an

absolute limitation."  Jackson Nat. Life Ins. Co. v. Merrill Lynch & Co., Inc., 32 F.3d 697, 704

(2d Cir. 1994).

The three-year statute of repose for section 11 claims begins to run when the

security is "bona fide offered to the public." 15 U.S.C.A. § 77m.  The "bona fide" offering date

of a registered security is the effective date of the registration statement.  See P. Stolz, 355 F.3d

at 99 ("It certainly is true that, in the case of registered securities, the date of registration has

been treated as the date that starts the running of the repose period . . . ."); Finkel v. Stratton

Corp., 962 F.2d 169, 173 (2d Cir. 1992); Morse v. Peat, Marwick, Mitchell & Co., 445 F.Supp.

619, 622-23 (S.D.N.Y. 1977).  For issuers and underwriters, but not as to directors and officers,

Rule 430B of the Securities Offering Reform ("SOR") changed the bona fide offering date for

shelf offerings issued pursuant to registration statements filed on or after December 1, 2005 to

the date of the prospectus supplement.  See 17 C.F.R. §§ 230.430B(f)(2), (f)(4); see also Maine

State, 722 F.Supp.2d at 1165 n.8 ; In re Countrywide Fin. Corp. Secs. Litig., 2009 WL 943271 at

*6-7.  The parties do not dispute that the securities at issue, the SPS1 Securitization and the SPS2

Securitization, were offered pursuant to registration statements filed with the SEC on February

21, 2006 and on August 8, 2006 respectively, and prospectus supplements filed on June 26, 2006

and August 28, 2006 respectively.  (Def. 56.1 ¶ 4; Pl. 56.1 Resp. ¶ 4, Compl. ¶¶ 9-10.)   As the

Complaint was filed on January 15, 2010, more than three years after both the filing of the

registration statements and the prospectus supplements, plaintiffs' section 11 claims against all

defendants, on their face, are barred by the statute of repose.

Similarly, plaintiffs' section 12(a)(2) claims are barred by the statute of repose. By application of section 13, "[i]n no event" may a section 12(a)(2) claim be brought more than "three years after the sale." 15 U.S.C.A. § 77m.  Section 2 of the '33 Act defines the term "sale" to include "every contract of sale or disposition of a security or interest in a security, for value." 15 U.S.C.A. § 77b(3).  The Second Circuit has held that "a sale occurs for section 12(2) purposes when the parties obligate [ ] themselves to perform what they have agreed to perform even if the formal performance of their agreement is to be after a lapse of time." Finkel, 962 F.2d at 173 (alteration in original).  Here, the sale occurred when plaintiffs purchased Certificates from the SPS1 Securitization on June 27, 2006 and Certificates from the SPS2 Securitization on August 29, 2006, September 12, 2006 and October 3, 2006. (Def. 56.1 ¶ 5; Pl. 56.1 Resp. ¶ 5; Compl. ¶¶ 43, 44.)  On their face, plaintiffs' section 12(a)(2) claims were extinguished prior to the filing of the Complaint on January 15, 2010.

III.   American Pipe Tolling does not Apply
To Toll Section 13's Statute of Repose

Plaintiffs seek to avoid the application of the statute of repose by arguing that the repose period is tolled under the rule in American Pipe.  In American Pipe, the Supreme Court held that "the commencement of the original class suit tolls the running of the statute [of limitations] for all purported members of the class who make timely motions to intervene after the court has found the suit inappropriate for class action status." 414 U.S. at 553.  In Crown, Cork & Seal Co. v. Parker, the Court expanded the American Pipe rule, holding that, until class certification is denied, "[t]he filing of a class action tolls the statute of limitations as to all asserted members of the class . . . not just to intervenors." 462 U.S. 345, 350, 354 (1983)

(internal quotation marks omitted) (citation omitted). For the reasons set forth below, this Court concludes that <u>American Pipe</u> tolling does not apply to the '33 Act statute of repose.[1]

 1. Application of <u>American Pipe</u> Tolling
 Violates the Plain Language of Section 13

By the plain language of section 13, the three-year statute of repose is absolute. <u>See</u> 15 U.S.C.A. § 77m ("*In no event* shall any such action be brought to enforce a liability created under [section 11 or section 12(a)(1)] more than three years after the security was bona fide offered to the public or under [section 12(a)(2)] more than three years after the sale." (emphasis added)); <u>see</u> <u>Anixter v. Home-Stake Prod. Co.</u>, 939 F.2d 1420, 1434 (10th Cir. 1991), *vacated on other grounds sub nom.* <u>Dennler v. Trippet</u>, 503 U.S. 978 (1992). Giving the words "[i]n no event" their ordinary meaning precludes the application of <u>American Pipe</u> tolling. <u>See</u> <u>Short v. Belleville Shoe Mfg. Co.</u>, 908 F.2d 1385, 1391 (7th Cir. 1990) ("Unless the 'in no event more than three' language [of section 13] cuts off claims of tolling and estoppel at three years, however, it serves no purpose at all -- what other function could be served by such language in a statute that starts the time on discovery?"). Simply put, the words "[i]n no event" mean what they say.

 2. <u>Statutes of Repose</u> <u>are</u> <u>Not Subject to Equitable Tolling</u>

It is settled that a federal statute of repose is not subject to equitable tolling. <u>See</u> <u>Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson</u>, 501 U.S. 350, 363 (1991); <u>Anixter</u>, 939 F.2d at 1435. In <u>Lampf</u>, the Supreme Court, addressing the similarly structured one-and-three-

---

[1] Even if <u>American Pipe</u> tolling applied in concept to the '33 Act statute of repose, the plaintiffs would not get the benefit of tolling for the Bank of America defendants. The Bank of America defendants named in the January 15, 2010 Complaint were not named as defendants in either the <u>Luther</u> or <u>Washington State Plumbing</u> class actions filed in California state court. (Compl. ¶ 6; <u>Luther</u> and <u>Washington State Plumbing</u> Complaints, attached at Burnett Decl. Exs. S & T.) <u>American Pipe</u> tolling does not extend to persons not named as defendants in the prior class action suit. <u>See</u> <u>Arneil v. Ramsey</u>, 550 F.2d 774, 782 n.10 (2d Cir. 1977), *overruled on other grounds*, <u>In re WorldCom Secs. Litig.</u>, 496 F.3d 245 (2d Cir. 2007); <u>see also</u> <u>Earl v. Novartis Consumer Health, Inc.</u>, 07 Civ. 9595 (RMB), 2008 WL 4274468, *4 (S.D.N.Y. Sept. 12, 2008).

year limitations and repose provision of the '34 Act, held that a statute of repose is inconsistent

with equitable tolling.  See 501 U.S. at 363; see also P. Stolz, 355 F.3d at 102-03 ("[A] statute of

repose begins to run without interruption once the necessary triggering event has occurred, even

if equitable considerations would warrant tolling . . . .").  Focusing on the structure of the

limitation and repose period, the Court concluded that "the equitable tolling doctrine is

fundamentally inconsistent with the 1-and-3-year structure." Lampf, 501 U.S. at 363; see Take-

Two Interactive Software, Inc. v. Brant, 06 Civ. 5279 (LTS), 2010 WL 1257351, *5 (S.D.N.Y.

Mar. 31, 2010) ("[W]here the relevant securities statute provides both a short, discovery-based

limitations period and a longer statute of repose, the repose period is a cutoff that is not subject

to tolling principles.").

Building on Lampf, the Tenth Circuit in Anixter, held that equitable tolling does

not apply to section 13's statute of repose.  939 F.2d at 1435 ("[N]o concept of equitable tolling

can have validity beyond the three-year period of repose because Congress did not allow for

breaching of the Chinese Wall it intentionally created."); [2] see also Short, 908 F.2d at 1391

("[E]quitable tolling and related doctrines do not extend the period of limitations by more than

the two-year grace period § 13 allows.").  In light of Lampf, this Court holds, as did Anixter, that

section 13 of the '33 Act is not subject to equitable tolling.

Some courts have concluded that American Pipe tolling is a species of legal or

statutory tolling, rather than equitable tolling, and, as such, applies to a statute of repose.  See

e.g., Joseph v. Wiles, 223 F.3d 1155, 1166-67 (10th Cir. 2000) (finding that American Pipe

tolling applies to section 13's statute of repose despite Lampf and Anixter because American

---

[2] In addition to reviewing the language of section 13, the Anixter Court also conducted a detailed analysis of the relevant congressional history and concluded that "the legislative history reinforces the conclusion that the three-year period is an outside absolute period." 939 F.2d at 1434 (internal quotation marks omitted) (finding "no disagreement over the need for an absolute bar" in the legislative history).

10

Pipe tolling is "legal rather than equitable in nature"); Maine State, 722 F.Supp.2d at 1166

(rejecting defendant's argument that American Pipe tolling does not apply to toll section 13's

statute of repose because American Pipe tolling "is sometimes referred to as 'legal tolling'");

Arivella v. Lucent Techs., Inc., 623 F.Supp.2d 164, 176 (D.Mass. 2009) (finding that American

Pipe tolls ERISA's statute of repose, section 413, 29 U.S.C.A. § 1113(1), in spite of Lampf

because "American Pipe tolling is a species of legal tolling, in that it is derived from a statutory

source, in this case Rule 23" (internal quotation marks omitted)); In re Flag Telecom Holdings,

Ltd. Secs. Litig., 352 F.Supp.2d 429, 455 n.19 (S.D.N.Y. 2005) (noting that American Pipe

tolling is extended to statutes of repose and is applicable to toll the running of section 13's

statute of repose); Official Comm. of Asbestos Claimants of G-I Holding, Inc. v. Heyman, 277

B.R. 20, 31 (S.D.N.Y. 2002) (extending American Pipe to toll New Jersey's four-year statute of

repose for fraudulent conveyance claims); but see Albano v. Shea Homes Ltd. P'ship, – F.3d. –,

2011 WL 339207, *14 (9th Cir. Feb. 3, 2011) (stating that the Supreme Court of Arizona "may

not apply American Pipe to toll all statutes of limitations and repose" because of the Court's

"characterization of American Pipe tolling as equitable, coupled with its articulated concern that

tolling be applied in a manner consistent with the statute's purpose"); Cacha v. Montaco, Inc.,

554 S.E.2d 388, 392-93 (N.C. Ct. App. 2001) (finding that American Pipe did not operate to toll

a products liability statute of repose).  This Court concludes that American Pipe tolling is not a

form of legal or statutory tolling, but is a form of equitable tolling.

    Tolling is not provided for in the text of the '33 Act or any governing statute.

This is in contrast with, for example, a statutory provision governing post-conviction review.

See 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-

conviction or other collateral review with respect to the pertinent judgment or claim is pending

shall not be counted toward any period of limitation under this subsection."). Courts have appropriately referred to such a provision as "statutory" tolling. See, e.g., Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005).

American Pipe tolling is a judicially-created rule premised on "traditional equitable considerations" of fairness, judicial economy and needless multiplicity of lawsuits. See Albano, 2011 WL 339207 at *12. In fashioning the tolling rule, the Court observed: "In recognizing *judicial power* to toll statutes of limitation in federal courts we are not breaking new ground." American Pipe, 414 U.S. at 558 (emphasis added). The Court analogized the newly-recognized tolling rule to examples of other judicially-created equitable tolling doctrines: "[C]ases where the plaintiff has refrained from commencing suit during the period of limitation because of inducement by the defendant . . . or because of fraudulent concealment . . . ." Id. at 559 (citations omitted). American Pipe noted that a purpose of Rule 23 is to promote judicial economy and efficiency. See 414 U.S. at 551. But nowhere in American Pipe does the Court read the text of Rule 23 as having embedded within it language that creates a class action tolling rule. Moreover, pursuant to the Rules Enabling Act, Rule 23 could not trump a statutory enactment. See 28 U.S.C.A. § 2072(b) ("[General rules of practice and procedure] shall not abridge, enlarge or modify any substantive right . . . .").

Furthermore, the Supreme Court in *dicta* appears to view American Pipe as a form of equitable tolling. See Young v. United States, 535 U.S. 43, 49 (2002) (citing American Pipe in support of the proposition that "[i]t is hornbook law that limitations periods are customarily subject to equitable tolling . . . unless tolling would be inconsistent with the text of the relevant statute" (internal quotation marks omitted) (citation omitted)); Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 n.3 (1990) (citing American Pipe for the proposition that "[w]e

12

have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period"). Other courts in *dicta* have also characterized American Pipe tolling as equitable tolling. See e.g., Veltri v. Bldg. Serv. 32B-J Pension Fund, 393 F.3d 318, 322-23 (2d Cir. 2004) (citing American Pipe as an example of equitable tolling, in addition to situations where defendant induced plaintiff to file late through deception); Bridges v. Dep't of Md. State Police, 441 F.3d 197, 211 (4th Cir. 2006) ("The American Pipe/Crown, Cork & Seal equitable tolling rule is a limited exception to the universal rule that statutes of limitations are impervious to equitable exceptions."); Youngblood v. Dalzell, 925 F.2d 954, 959 n.3 (6th Cir. 1991) (noting plaintiff's failure to discuss whether the limitations period for 1983 claims is subject to "equitable tolling under precedent such as American Pipe").

True, many of the policy considerations present in American Pipe would support tolling of a statute of repose. But the issue presented is not one of policy but of enforcement of the statute as written. Lawmakers are free to adjust the repose period as they have in the past.[3] Even without lengthening the repose period, many class actions are resolved or reach the certification stage within the repose period. Cf., 28 U.S.C. § 476(a)(3) (requiring reports of cases that have not been terminated within three years after filing). For the reasons stated, plaintiffs' Complaint is barred by the running of section 13's three-year statute of repose, which is not subject to tolling under American Pipe.

CONCLUSION

The defendants' motion for summary judgment (Docket # 42) is GRANTED. The Clerk of Court is directed to enter judgment in favor of the defendants.

---

[3] The concept of a statute of limitations framed by a longer statute of repose was in the '33 Act at the time of enactment. In 1934, the time periods were shortened to the one-and-three-year structure set forth in the statute today. See 15 U.S.C.A. § 77m. In 2002, as part of Sarbanes-Oxley, lawmakers lengthened the statute of repose for claims under section 10(b) of the '34 Act from three to five years. See Sarbanes-Oxley Act of 2002, Pub. L. No. 107-204, § 804(a), 116 Stat. 745, 801 (July 30, 2002); see also P. Stolz, 355 F.3d at 104.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
        March 15, 2011